**FILED**

AUG 3 0 2019

Clerk, U.S. District and
Bankruptcy Courts

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Jasmine Harris, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-2288 (UNA) |
| ) | |
| National Security Center, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff has sued the "National Security Center" for allegedly telling her "to get [her] feet out of the water" when, on "Saturday july 13th," she "decided to go" to the Andrew W. Mellon Memorial Fountain at the National Gallery of Art "because it was hot." Compl. Plaintiff has not alleged an injury or requested any relief.

"Claims so 'patently insubstantial' that no federal question suitable for decision can be discerned" deprives the Court of subject matter jurisdiction. *Custis v. CIA*, 118 F. Supp. 3d 252, 254 (D.D.C. 2015), *aff'd sub nom. Custis v. Cent. Intelligence Agency*, 650 Fed. App'x 46 (D.C. Cir. 2016) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). The instant complaint satisfies that standard and thus will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: August 29, 2019

United States District Judge